IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MALACHI SAMUEL THOMAS,

    **Petitioner,**

v.                                                          CASE NO. 24-3018-JWL

DOUGLAS COUNTY DISTRICT COURTS[1],

    **Respondent.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner asserts that he is currently in pretrial custody at the Douglas County Correctional Facility in Lawrence, Kansas. (Doc. 1, p. 1.) Petitioner's fee status is pending. The Court has screened the Petition (Doc. 1) as required and directs Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the

---

[1] Petitioner has named the Douglas County District Courts as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Jay Armbrister, who as Sheriff of Douglas County, Kansas, oversees the Douglas County Corrections Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

1

responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

As noted above, Petitioner is in state custody facing criminal charges that include rape. (Doc. 1, p. 1-2.) He alleges various improprieties in the state-court proceedings, including that the prosecutor has withheld exculpatory evidence, that the district court "is hiding the rape kit," that the prosecutor and detective have lied to the district court, and that he has not yet been given a trial date. *Id.* at 6-7. As relief, Petitioner asks this Court to investigate his case, ensure a new judge and prosecutor are assigned, and to order his release. *Id.* at 2, 7.

The Court first notes that 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). However, requests for pretrial habeas corpus relief are not favored. *Jones v. Perkins*, 245 U.S. 391-92 (1918). The United States Supreme Court has long held that federal courts generally should not exercise their habeas corpus power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex parte Royall*, 117 U.S. 241 (1886).

In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional

question in the first instance. *Id.* at 251-52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court should not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal . . . proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal [petition]; and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). The second prong is usually satisfied "'unless state law clearly bars the interposition of the federal statutory and constitutional claims.'" *Id.* With respect to the third prong, the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See id.* ("For the purposes of *Younger*, state criminal proceedings are viewed as 'a traditional area of state concern.'").

If the three *Younger* conditions are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

More recently, the Tenth Circuit explained that "*Younger* and *Ex parte Royall* are related

doctrines"; both "are based upon 'comity, that is, a proper respect for state functions'" and "stand for 'the requirement that special circumstances must exist before the federal courts exercise their habeas corpus, injunctive, or declaratory judgment powers to stop state criminal proceedings.' *Younger* addressed a federal court's equitable power to issue an injunction enjoining state proceedings, while *Ex parte Royall* . . . involved a request for habeas relief." *Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977)).

Applying this law to the matter currently before this Court leads to the conclusion that the Court must abstain from interfering in Petitioner's state-court criminal proceedings. The petition in this matter does not allege the type of circumstances under which *Ex parte Royall* allows federal-court intervention in a state criminal prosecution. Moreover, the three *Younger* conditions appear to be satisfied. First, the criminal case is currently proceeding in the state district court.[2] Second, the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings. Third, the State of Kansas has an important interest in prosecuting crimes charging the violation of state law. Thus, it appears that *Ex parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state-court prosecution of Petitioner in Douglas County.

Petitioner is therefore directed to show good cause, in writing to the undersigned, on or before March 13, 2024, why this matter should not be summarily dismissed without prejudice

---

[2] The Court recognizes that Petitioner complains that the state court has not yet set a trial date. (Doc. 1, p. 6-7.) The Tenth Circuit has acknowledged that federal habeas relief may be available to a pretrial applicant who seeks "to compel the state to bring him to trial." *Smith v. Crow*, 2022 WL 12165390, at *2 (10th Cir. Oct. 21, 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893-94 (10th Cir. 1977),which was discussing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973)). But the United States Supreme Court has held that the fundamental interests that underlie the exhaustion doctrine require that to the extent Petitioner seeks to have this Court compel the state to bring Petitioner to trial in a timely manner, Petitioner must first make his argument that he is being denied a speedy trial to the state courts. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488-93 (1973).

based on the abstention doctrines set forth above. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED BY THE COURT** that Jay Armbrister, Sheriff of Douglas County, Kansas, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted until **March 13, 2024,** in which to show good cause, in writing to the undersigned, why the Petition should not be dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated February 12, 2024, in Kansas City, Kansas.**

S/   John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE