IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MALACHI SAMUEL THOMAS,

    Petitioner,

v.                                                           CASE NO. 24-3018-JWL

JAY ARMBRISTER,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by Petitioner and state pretrial detainee Malachi Samuel Thomas. (Doc. 1.) When Petitioner filed his petition in this Court, he did not pay the statutorily required $5.00 filing fee, nor did he submit a motion to proceed in forma pauperis and the required supporting documentation. The Court therefore issued a notice of deficiency (NOD) granting Petitioner until March 6, 2024 to either pay the filing fee or submit the motion. (Doc. 2.) The NOD advised Petitioner that if he "fail[s] to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1.

On February 16, 2024, the Court received from Petitioner a motion for leave to proceed in forma pauperis (Doc. 4), but Petitioner did not submit with the motion the required financial information. Thus, the Court issued a second NOD, granting Petitioner until March 18, 2024 to file the financial information or "this action may be dismissed without prejudice and without further notice." *Id.* at 1-2. The deadline set forth in the second NOD has passed and Petitioner has not submitted the required financial information. Thus, the motion to proceed in forma pauperis will be denied.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "if the

1

plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Due to Petitioner's failure to comply with the first and second NOD, the Court concludes that this matter should be dismissed under Rule 41(b).

In addition, on February 12, 2024, the Court issued a memorandum and order to show cause (MOSC) advising Petitioner that it had conducted the required screening of the petition and concluded that this matter is subject to dismissal in its entirety under the well-established doctrines that generally require federal courts to abstain from exercising their habeas corpus power to discharge a person in pretrial state custody on a state crime. (Doc. 3, p. 2-4.) The MOSC directed Petitioner to show good cause, in writing, on or before March 13, 2024, why this matter should not be summarily dismissed without prejudice based on the abstention doctrines. *Id.* at 4-5. The MOSC cautioned Petitioner that "[t]he failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner." *Id.* at 5. The deadline set forth in the MOSC has passed and Petitioner has not responded. Thus, the Court also concludes that this matter should be dismissed under the abstention doctrines discussed in the MOSC.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for leave to proceed in forma pauperis (Doc. 4) is **denied**.

**IT IS FURTHER ORDERED** that this matter is **dismissed without prejudice** under Rule 41(b) for failure to comply with court orders and, in the alternative, under the abstention doctrines set forth in the Court's previous memorandum and order to show cause. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated March 27, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE